IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANCIS KEISTER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:20-cv-0990 |
| ) | Judge Richardson / Frensley |
| AMAZON.COM, INC. and ) | |
| AMAZON DHAI, ) | |
|     Defendant. ) | |

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION AND BACKGROUND**

This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Docket No. 14. Defendant has contemporaneously filed a supporting Memorandum of Law arguing that Plaintiff has failed to state a claim upon which relief can be granted because he has failed to allege the requisite elements of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Tennessee Human Rights Act ("THRA"), and because this Court lacks subject matter jurisdiction over Plaintiff's claims arising out of and occurring in the course of employment, which are barred by the exclusive remedy provision of the Tennessee Worker's Compensation Act ("TWCA"). Docket No. 15.

Plaintiff has filed a Response arguing that he brings suit under a federal statute and has sufficiently pled his claim such that this Court has jurisdiction and Defendant's Motion to Dismiss should be denied. Docket No. 16.[1]

Defendant has filed a Reply, arguing that Plaintiff's Complaint fails to plead a federal claim

---

[1] Of note, the "Complaint Background" portion of Plaintiff's Response contains additional averments that are outside the pleadings of the instant action. *See Id.*

under Title VII and consequently, Plaintiff's state law worker's compensation discharge claim should be dismissed for lack of subject matter jurisdiction. Docket No. 17. Defendant further argues that Plaintiff's worker's compensation discharge claim is likewise insufficiently pled because it fails to allege that he was terminated for filing a worker's compensation claim. *Id.* Defendant notes that Plaintiff's Complaint simply alleges, "they made a plan to kick me out from the job to cover up the assault that I was assaulted by the co-worker on the job," which is an insufficient allegation to properly plead a claim for retaliatory discharge. *Id.*, *citing Yardley v. Hosp. Housekeeping Sys., LLC*, 470 S.W.3d 800, 804 (Tenn. 2015)(a required element of a worker's compensation retaliatory discharge claim is that the worker's compensation claim was a substantial factor in the employer's motivation to termination the employee's employment).

Defendant additionally argues that any new allegations raised in Plaintiff's Response are outside the pleadings for purposes of a Rule 12(b)(6) Motion and should not be considered. *Id.* Defendant reiterates its contentions that Plaintiff has not pled a viable cause of action for racial discrimination or retaliation under Title VII or the Tennessee Human Rights Act, nor has he sufficiently pled a worker's compensation retaliatory discharge claim. *Id.* Defendant further reiterates that Plaintiff's claims of injury in the workplace are barred by the Tennessee Worker's Compensation Act. *Id.*

Plaintiff has filed a Sur-Reply, reiterating his contentions that he brings suit under a federal statute and has sufficiently pled his claim such that this Court has jurisdiction and Defendant's Motion to Dismiss should be denied. Docket No. 18.

Plaintiff, *pro se*, filed this action pursuant to Title VII and the THRA, alleging that Defendant discriminated against him on account of his "race," "color," and "national origin." Docket No. 1. Specifically, Plaintiff avers that he was subjected to unequal terms and conditions

of his employment, retaliation, and termination of his employment. *Id.* Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and, on August 19, 2020, subsequently received his Right to Sue letter. Docket No. 1-1.

### A. Allegations of Plaintiff's Complaint

Plaintiff alleges that, during his employment, his right knee, right shoulder, and hip began to hurt. Docket No. 1, ¶ 1. Plaintiff sought medical care and was diagnosed with right knee and right shoulder strain. *Id.* After seeing the doctor, Plaintiff filed a claim which was denied by Defendant. *Id*. Plaintiff avers that the "managers, the leads, and even HR turned against" him, and the workplace became hostile. *Id.*, ¶ 2. Plaintiff avers making several reports to HR but that nothing was done. *Id.*

Plaintiff additionally alleges that, on October 6, 2019, he was attacked on the job by a co-worker and he sustained a broken nose, head injury, and facial fracture. *Id.*, ¶ 3. He avers that "they made a plan to kick me out from the job to cover up the assault … the abuses and the harassment, and discrimination." *Id.* Plaintiff states that he was retaliated against due to the worker's compensation claim he filed regarding the co-worker's assault. *Id.*, ¶ 4. Plaintiff was terminated on November 4, 2019. *Id.*

## II. LAW AND ANALYSIS

### A. Motions to Dismiss - Fed. R. Civ. P. 12(b)(1) and (6)

Defendant asserts Fed. R. Civ. P. 12(b)(1) and (6) as grounds for the instant Motion to Dismiss. Docket No. 14. Fed. R. Civ. P. 12(b)(1) provides that a complaint may be dismissed for lack of subject matter jurisdiction, while Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The Court will focus on

the Rule 12(b)(6) Motion.[2]

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.*

The court will construe the complaint in the light most favorable to the nonmoving party, accept its allegations as true, and draw all reasonable inferences in favor of the nonmoving party. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that the pleadings contain "a short and plain statement of the claim" that will provide fair notice of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8.

A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has addressed the current appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft*

---

[2] A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie*, 452 U.S. 394, 399 n. 3 (1981); *Pratt v. Ventas, Inc.*, 365 F. 3d 514, 522 (6th Cir. 2004). It is therefore unnecessary for the Court to discuss Defendant's arguments under Rule 12(b)(1).

*v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

### B. Title VII of the Civil Rights Act of 1964

#### 1. Generally

Title VII of the Civil Rights Act of 1964 ("Title VII") protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

It shall be an unlawful employment practice for an employer--

> 1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> 2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

#### 2. 42 U.S.C. § 2000e-2.

Federal courts do not have jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge, or the claim can reasonably be expected to grow out

5

of the EEOC charge. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998), *citing Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544-45 (6th Cir. 1991). Thus, as a prerequisite to bringing a Title VII discrimination claim in federal court, a claimant is required to file a charge of discrimination or retaliation with the EEOC and is precluded from seeking judicial review until the Commission has made a final disposition of his claim. 42 U.S.C. § 2000e-5. *See also, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 554, 97 S. Ct. 1885, 1887, 52 L. Ed. 2d 571 (1977). The wording of the allegations in the EEOC charge does not, however, have to be exact or all-encompassing; rather, the court may consider allegations not explicitly stated in the EEOC charge if those allegations could reasonably be expected to grow out of the charge of discrimination. *Tipler v E. I. du Pont de Nemours & Co.*, 433 F.2d 125, 131 (6th Cir. 1971), *citing Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465-66 (5th Cir. 1970)*; King v. Georgia Power Co.*, 295 F. Supp. 943 (N.D. Ga. 1968).

In order to establish a prima facie case of discrimination in violation of Title VII, a plaintiff must prove that,

1) he is a member of a protected class;

2) he was qualified for his job and performed it satisfactorily;

3) despite his qualifications and performance, he suffered an adverse employment action; and

4) that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class.

*Johnson v. University of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).[3]

---

[3] An adverse employment action is one that causes a materially adverse change in a term of employment, such as significantly diminished responsibilities, termination, a demotion evidenced

6

Case 3:20-cv-00990   Document 19   Filed 05/25/21   Page 6 of 12 PageID #: 70

A plaintiff may establish a claim of discrimination under Title VII either by introducing direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000), *citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

Under the direct evidence approach, once the plaintiff introduces evidence that the employer terminated him because of his protected status, the burden of persuasion shifts to the employer to prove that it would have terminated the plaintiff even had it not been motivated by discrimination. *Johnson*, 215 F.3d at 572, *citing Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994), *citing Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989).

If the plaintiff lacks direct evidence of discrimination, the circumstantial evidence approach is used and the *McDonnell Douglas-Burdine* tripartite test is employed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The *McDonnell Douglas-Burdine* tripartite test requires the plaintiff to first establish a prima facie case of discrimination. *Id.* If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant carries this burden, the plaintiff must then prove that the proffered reason was actually pretextual. *Id.* The plaintiff

---

by a decrease in wage or salary, a less distinguished title, or a material loss of benefits. *See Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885-86 (6th Cir. 1996).

7

may establish pretext by showing that, 1) the stated reasons had no basis in fact; 2) the stated reasons were not the actual reasons; or 3) the stated reasons were insufficient to explain the defendant's action. *Id. See also, Cicero v. Borg-Warner Automotive, Inc.,* 280 F.3d 579, 589 (6th Cir. 2002). "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

C. **Hostile Work Environment**

In order to establish a prima facie case of hostile work environment under Title VII, a plaintiff must prove that,

1) he is a member of a protected class;

2) he was subject to unwelcome harassment;

3) the harassment was based on his protected class; and

4) the harassment created a hostile work environment.

*Clark v. United Parcel Service, Inc.*, 400 F.3d 341, 347 (6th Cir. 2005).

A hostile work environment exists when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993). The environment must not only be objectively hostile but also one that a reasonable person would find hostile or abusive. *Id.* at 21-22.

D. **Retaliation and Retaliatory Discharge**

In order to establish a prima facie case of retaliation under Title VII, a plaintiff must prove that;

1) he engaged in activity protected by Title VII;

> 2) his exercise of the protected activity was known by the defendant;
>
> 3) thereafter, the defendant took an action that was materially adverse to the plaintiff; and
>
> 4) a causal connection exists between the protected activity and the materially adverse action.

*Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014).

### E. The Case at Bar

As an initial matter, Plaintiff brings this action pursuant to Title VII and THRA. Docket No. 1. THRA claims are analyzed under the same standards as those applied to federal civil rights statutes, set forth above. *Morgan v. Triumph Aerostructures, LLC*, 296 F.Supp.3d 911, 920 (M.D. Tenn. 2017).

As discussed, in order to establish a prima facie case of discrimination in violation of Title VII, Plaintiff must allege that he is a member of a protected class; that he was qualified for his job and performed it satisfactorily; that despite his qualifications and performance, he suffered an adverse employment action; and that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class. Plaintiff has failed to do so.

Specifically, Plaintiff's Complaint fails to allege either that he was qualified for his job and performed it satisfactorily or that he was replaced by a person outside his protected class or was treated less favorably than a similarly situated individual outside his protected class. *See* Docket No. 1. While Plaintiff's Complaint does contain the handwritten phrase "unequal terms and conditions based on race," Plaintiff does not allege any facts to demonstrate how he was subject to unequal employment terms. *Id.* Rather, Plaintiff alleges only that he was "turned against" after filing a worker's compensation claim and being assaulted by a co-worker. *Id.* This allegation is

9

insufficient to support alleged discriminatory conduct by Defendant toward Plaintiff based on Plaintiff's race and national origin. The absence of allegations regarding each of the requisite elements is fatal to Plaintiff's discrimination claim. Accordingly, Defendant's Motion to Dismiss should be granted with regard to this claim.

Turning to Plaintiff's hostile work environment claim, as noted above, in order to state a claim for hostile work environment under Title VII, Plaintiff must allege that he was a member of a protected class; that he was subjected to unwelcome harassment; that the harassment was based on his protected class; and that the harassment created a hostile work environment. Also as discussed, the hostility and abuse must be sufficiently severe and pervasive that it meets both subjective and objective standards. While Plaintiff's Complaint states that he was subject to "harassment," "abuses, and discrimination," Plaintiff alleges no facts to demonstrate the frequency, severity, or nature of the alleged hostility. Absent such, Plaintiff cannot sustain this claim, and it should be dismissed.

Finally, with regard to Plaintiff's claim of retaliation and retaliatory discharge, as noted, Plaintiff must allege that he engaged in protected activity; that Defendant knew of his exercise of such protected activity; that thereafter, Defendant took a materially adverse action toward Plaintiff; and that a causal connection exists between the protected activity and the materially adverse action. While Plaintiff's Complaint alleges that he "made several reports to HR about the harassment and nothing was done," Plaintiff has failed to indicate the nature of the reports. Specifically, Plaintiff has failed to indicate whether the reports were based on race or national-origin harassment, based on his worker's compensation claim, based on the assault by a co-worker, or based on any other unprotected grievance. Accordingly, Plaintiff has failed to sufficiently allege this element.

Additionally, Plaintiff's Complaint is silent with regard to allegations supporting a causal connection between the alleged protected activity and Plaintiff's termination. Specifically, Plaintiff alleges that Defendant "made a plan to kick [him] out from the job to cover up the assault." Docket No. 1. By Plaintiff's own allegations, the allegedly retaliatory action was due to his worker's compensation claim and "to cover up the assault" by a co-worker, it was not causally related to a protected activity and his termination. Because Plaintiff has failed to sufficiently plead the requisite elements of this claim, it should likewise be dismissed.

To the extent that Plaintiff asserts an assault and retaliation claim based on his worker's compensation claim, he would still fail to state a claim upon which relief could be granted because Plaintiff's claims are barred by the Tennessee Workers Compensation Act (the "Act"), which provides the exclusive remedy for an employee who is injured during the course and scope of his employment and whose injuries cause the need for medical treatment. Tenn. Code Ann. § 50-6-108(a); Tenn. Code Ann. § 50-6-102; Tenn. Code Ann. § 50-6-116. An injury occurs "in the course of" employment if it happens while an individual is at work, and it "arises out of" the employment "when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work was required to be performed and the resulting injury." *Anderson v. Save-A-Lot, Ltd.* 989 S.W.2d 277, 280 (Tenn. 1999). The Act specifically provides that "the rights and remedies granted to an employee subject to [the Act's provisions], on account of personal injury . . . shall exclude all other rights and remedies of the employee . . . at common law or otherwise, on account of the injury." Tenn. Code Ann. § 50-6-108(a).[4] Because Plaintiff's avers that he was "attacked on the job by a co-worker," his injury

---

[4] The exceptions to the exclusivity provision are inapplicable here as Plaintiff does not allege that Defendant intentionally injured him, nor does Plaintiff allege that the assault was domestic or otherwise private in nature. Accordingly, the undersigned will not further discuss the exclusivity

11

Case 3:20-cv-00990   Document 19   Filed 05/25/21   Page 11 of 12 PageID #: 75

occurred in the course of his employment, and arises out of that employment; his claims are therefore barred by the exclusivity provision of the Tennessee Workers Compensation Act and Defendant's Motion should be granted.

### III. CONCLUSION

For the reasons discussed above, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 14) be **GRANTED**, and that this action be **DISMISSED WITH PREJUDICE.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                        **JEFFERY S. FRENSLEY**
                                        **United States Magistrate Judge**

---

exceptions.